## WILLIAM H. SPOONER *versus* DANIEL BAXTER.

The plaintiff entered into a contract with the defendant for the purchase of a vessel then building by the defendant in Maine, by which it was agreed, that the vessel should " be completed and delivered, as soon as possible, at Frankfort Village, or Belfast, either of these places, at the option of the purchaser." It was *held*, that it was the duty of the defendant to give notice to the plaintiff when the vessel was finished, in order that the plaintiff might make his election as to the place of delivery, and that by disposing of her to a stranger without giving such notice he made himself liable to the plaintiff for a breach of the contract.

THIS was assumpsit for the non-delivery of a vessel, in pursuance of an agreement made between the parties. The writ was issued in July 1833.

The defendant pleaded the general issue, together with several special pleas.

At the trial, before *Wilde* J., the plaintiff, under the fourth issue, produced in evidence a contract between the parties, dated December 4, 1832, for the purchase by the plaintiff, of the vessel in question, which was then building at Prospect, in Maine, under the superintendence of one Geyer. By this contract it was agreed, that the vessel should be completely finished by the defendant, as therein stated, and should be paid for by the plaintiff, in cash or by a note, at six months from the delivery, at his option ; that the defendant should furnish sails and rigging for the vessel, to be put on, and everything to be put in their proper places, ready for sea ; that the plaintiff should pay therefor, in six months after the delivery of the vessel ; and that the vessel should " be completed and delivered, as soon as possible, at Frankfort Village, or Belfast, either of these places, at the option of the purchaser." The vessel was launched in April or the beginning of May, 1833. Before she was finished, the defendant let her to one Harriman ; and no notice of her completion was given to the plaintiff by the defendant.

The plaintiff offered no evidence to prove that he had made any election, or that he had made any demand of the vessel either at Prospect or Belfast, or that he was there ready to receive the vessel, agreeably to the contract.

The defendant thereupon objected, that without such evi

dence, the action could not be maintained. This objection was overruled, and the question reserved for the consideration of the whole Court.

The jury returned a verdict for the defendant upon the fourth issue by the direction of the Court, and for the plaintiff, upon the other issues, and assessed the damages at the sum of $487.

The Court were to enter up such judgment as the law and justice of the case might require. If the Court should be of opinion, that the plaintiff was not entitled to recover, the verdict returned for him was to be set aside and a nonsuit to be entered.

*March 20th.*      *Cooke*, for the defendant, to the point, that it should have been proved, that the plaintiff elected, within a reasonable time, at which place he would receive the vessel, cited *Grenningham* v. *Ewer*, Cro. Eliz. 396, 539 ; *Bulley* v. *Hubbins*, Cro. Car. 571 ; *Aldrich* v. *Albee*, 1 Greenl. 123 ; *Rogers* v. *Van Hoesen*, 12 Johns. R. 221 ; and to the point, that the declaration should have averred, that the plaintiff was at Frankfort Village or Belfast and ready to perform his part of the contract, *Dana* v. *King*, 2 Pick. 155 ; *Couch* v. *Ingersoll*, 2 Pick. 292 ; *Hunt* v. *Livermore*, 5 Pick. 395 ; *Fairbanks* v. *Dow*, 6 New Hamp. R. 266.

*D. A. Simmons*, and *Gay*, for the plaintiff, cited *Couch* v. *Ingersoll*, 2 Pick. 292 ; *Robbins* v. *Luce*, 4 Mass. R. 474 ; *Carley* v. *Vance*, 17 Mass. R. 389.

*April 8th.*      PUTNAM J. delivered the opinion of the Court. The issue found for the defendant by the jury, was found by the direction of the judge, without any other evidence than the agreement declared upon ; and if the defendant was bound to give notice to the plaintiff when the vessel was ready for sea, to the intent that he might elect whether he would have it delivered at Frankfort Village or Belfast, then the judgment is to be rendered for the plaintiff.

The question is, whether the defendant, according to the true intent and meaning of the agreement, should have given notice to the plaintiff, when the vessel was finished, to the intent that he might elect to have her delivered at Frankfort Village or at Belfast, or whether the plaintiff was bound *to*

*take notice* when the vessel was finished &c., and to have made his election accordingly.

The general rule is, that where the knowledge of a material fact rests more in the mind of one than of another, he who has the best means of knowledge is to give notice to the other. And it applies to the case before us. The defendant was to build the vessel for the plaintiff as soon as possible, that is, with all reasonable despatch, in the State of Maine. He would have more knowledge when she was finished and ready for sea than the purchaser would have, unless the purchaser employed a special agent to watch the work and to give notice of the finishing. But such a course on the part of the purchaser, would not be reasonably expected. Baxter was to take the first step. He was to build and rig the ship, and offer to deliver her according to the contract, ready for sea, before he could compel the plaintiff to pay for her. He was bound to give notice of those facts, and to offer to deliver her at Frankfort Village or at Belfast " at the plaintiff's option." When the contract was made, the plaintiff could not decide upon the place of delivery. He reserved the exercise of that right, when the vessel should be completed ready for sea. It might be that he would have a cargo or freight at one of those ports, and none at the other. This is not like the case of *Dana* v. *King*, 2 Pick. 155, where both parties, by their laches, suffered the contract to die. The contract was made in December 1832. The writ was purchased in July 1833. The ship was launched in April or the beginning of May, 1833. We do not think, that there was any such delay in commencing the action as amounts to a waiver of the plaintiff's right. The defendant was to have a reasonable time to build and rig the ship, and the plaintiff was to have notice given, so that he might in a reasonable time make his election as to the place of delivery. But the evidence in the case proves, that the conduct of the defendant was unreasonable and evasive. He indeed completed the vessel, but he gave no information to the plaintiff, in order that he might elect the place of delivery. Instead of doing that, he in effect disabled himself from the performance of this contract, by letting the vessel to Harriman.

The judgment is for the plaintiff, notwithstanding the verdict given by the jury for the defendant upon the fourth issue.